UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEPHEN FLANAGAN, as Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66
PENSION FUND, et al.,

                    Plaintiff(s),

**REPORT AND RECOMMENDATION**
CV 10-1867 (ADS) (WDW)

      -against-

AMERICAN PLASTER, INC., et al.,

                    Defendant(s).
-------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs on the default of the defendants. Plaintiffs, the Trustees of various employee benefit plans for General Laborers' Local 66, ("Trustees"), seek a judgment compelling the defendants, American Plaster, Inc. and Brian Kelly (collectively "American Plaster") to pay delinquent contributions, along with interest and penalties. For the reasons set forth herein, the undersigned recommends that plaintiffs be awarded $16,999.64 in unpaid contributions, $677.68 in interest, $677.68 in liquidated damages, and $350.00 in costs, for a total award of $18,705.00.

## BACKGROUND

      This action was commenced on April 27, 2010 by the Trustees to recover delinquent fringe benefit contributions and union dues required to be paid pursuant to a Collective Bargaining Agreement ("the Agreement") between the parties. In addition to unpaid contributions, plaintiffs seek interest, liquidated damages, costs, disbursements and reasonable attorneys' fees. The defendants have not answered the complaint or otherwise appeared in the

action. On November 10, 2010, plaintiffs moved for entry of default against both defendants, *see* Docket Entry ("DE") [3], and the default was noted by the Clerk of the Court on November 12, 2010. DE [4]. On November 17, 2010, District Judge Spatt granted the motion for a default judgment and referred the determination of appropriate damages to the undersigned. On January 11, 2011, plaintiffs submitted supplemental papers. *See* DE [7]. No papers have been submitted by the defendants.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159. The amount of damages can be determined without a hearing as long as the court satisfies itself, through review of documentary evidence or affidavits, that the amount is reasonable. *See Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997).

American Plaster was a party to an Agreement with the plaintiff Funds that obligated it to submit to the plaintiffs contributions for fringe benefits for all hours of covered work performed by its employees. *See* Compl. ¶9; Agreement, Menechino Aff. Exs. B&C. Plaintiffs claim that defendants failed to submit contributions totally $16,999.64 for the period of time from July 1,

2

2009 through December 22, 2009. Pollock Aff. ¶9. Plaintiffs have provided an affidavit from Christine Pollock, Delinquency Coordinator of the Trust Funds, regarding her review of defendants' records, as well as documentary evidence supporting an award in the amount sought. *See* Pollock Aff., Exs. A, B. Based on my review of the affidavits and supporting documents, it is recommended that the plaintiffs be awarded delinquent contributions in the amount of $16,999.64.

Plaintiffs also seek prejudgment interest pursuant to the agreement and statute. *See* Agreement, Art. 6, §6(f)(B); 29 U.S.C. §1132 (g)(2)(B). The Agreement provides for payment of interest at the rate prescribed by 26 U.S.C. §6621. *See* Agreement, Art. 6, §6(e). Section 6621 states that the appropriate rate is determined quarterly by the Secretary of the Treasury, and plaintiffs have indicated that the rate to be applied is 4%. *See* Pollock Aff. ¶11. Accordingly, the plaintiffs here seek interest at the rate of 4%, applied on an annual basis and compounded daily, for a total of $677.68 through November 10, 2010. *See* Pollock Aff., ¶11. The undersigned recommends that plaintiffs be awarded interest in the amount of $677.68 through November 10, 2010, plus additional interest through the date of entry of judgment.

The Agreement also provides for the payment of "interest on the unpaid contributions as and for liquidated damages." Agreement, Art. 6, §6(f)(C). Accordingly, plaintiffs seek an additional $677.68 as liquidated damages. Pollock Aff. ¶13. The undersigned recommends that plaintiffs be awarded liquidated damages equal to interest in the amount of $677.68 through November 10, 2010, plus additional interest through the date of entry of judgment.

Finally, plaintiffs are entitled to reasonable attorneys' fees pursuant to the Agreement and statute. *See* Agreement, Art 6, §6(f)(D); 29 U.S.C. § 1132(g)(1). The party seeking

3

reimbursement of attorneys' fees bears the burden of proving the reasonableness and the necessity of hours spent and rates charged. *See generally, N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983). A request for an award of attorneys' fees must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *Cruz v. Local Union No. 3 of the IBEW,* 34 F.3d 1148, 1160-61 (2d Cir. 1994).

Here, plaintiffs seek $1,655.00 in attorneys' fees and support that request with an attorney's affidavit and a handwritten list consisting of three columns containing a date, a very brief description, and a number. *See* Menechino Aff., Ex. E. Ms. Menechino states that the handwritten list is "an itemization of time and services expended in the instant matter which represents the hours of services multiplied by a reasonable hourly rate." Menechino Aff. ¶12. Although Ms. Menechino identifies two attorneys in her affidavit, there is nothing on the "itemization" to indicate which attorney, if any, performed the work, nor is there anything, either on the face of the page or in Ms. Menechino's affidavit, to suggest that this sheet is a contemporaneous time record. Based on the Second Circuit's decision in *Carey*, the court must deny the Trustees' request for an award of attorneys' fees due to their failure to properly document the application. *Carey*, 711 F.2d at 1147-48 ("any attorney– whether a private practitioner or an employee of a nonprofit law office– who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records").

Plaintiffs further seek recovery of costs in the amount of $415.00. *See* Menechino Aff. ¶14. As plaintiffs have failed to provide specific identification of those costs and have further

failed to provide any documentary support, their request for costs must fail. I will, however, take judicial notice of the court filing fee of $350.00 and recommend an award in that amount.

## CONCLUSION

The undersigned recommends plaintiffs be awarded unpaid contributions, interest, liquidated damages, and costs totaling $18,705.00, broken down as follows:

- $16,999.64 in unpaid contributions;

- $677.68 through November 10, 2010, plus additional interest through the date of entry of judgment;

- $677.68 through November 10, 2010, plus additional liquidated damages through the date of entry of judgment; and

- $350.00 in costs.

## OBJECTIONS

A copy of this Report and Recommendation is being served on plaintiffs by electronic filing on the date below. Counsel for plaintiffs shall serve a copy of it on the defendants upon receipt, and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
May 6, 2011

      /s/ William D. Wall
      WILLIAM D. WALL
      United States Magistrate Judge